STATE OFFICERS AND EMPLOYEES The requirement of a college or university degree
specified in paragraph A of 74 O.S. 150.8 [74-150.8] (1977) is an objective qualification for the position of agent with the Oklahoma State Bureau of Investigation. Although this requirement was not made applicable to those agents transferred pursuant to 74 O.S. 150.14 [74-150.14] (1977), such transferee status is effectively terminated by the agent's resignation. Therefore, in the absence of statutory exception or statutory provision for reinstatement, an agent transferred pursuant to 74 O.S. 150.14 [74-150.14] (1977) who voluntarily terminates employment must possess the statutorily required degree to qualify for reappointment as agent. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: Is a person who was employed as an agent of the State Bureau of Investigation and transferred to the Oklahoma State Bureau of Investigation under 74 O.S. 150.14 [74-150.14] (1977), but who subsequently voluntarily terminated employment eligible for reappointment as an agent of the O.S.B.I., notwithstanding the fact that he does not possess a Bachelor's Degree from an accredited college or university as required in 74 O.S. 150.8 [74-150.8] (1977), paragraph A? The State Bureau of Investigation was reorganized, operative July 1, 1976, pursuant to 74 O.S. 150.1 [74-150.1] et seq. (1977). 74 O.S. 150.8 [74-150.8], paragraph A thereof provides: "The Director shall appoint as employees only persons of outstanding honesty, integrity and ability. An agent, at the time of his appointment to the Bureau, shall be at least twenty-three (23) years of age but not more than fifty (50) years and shall possess a Bachelor's Degree from an accredited college or university." 74 O.S. 150.14 [74-150.14] thereof provides: "All the records, property, matters pending, funds, agents and employees of the division known as the State Bureau of Investigation within the Office of Governor of the State of Oklahoma, on the effective date of this act, shall be transferred to the Oklahoma State Bureau of Investigation created herein, and all services to or for such former agency shall be considered as services rendered to or for the agency created herein." The new degree requirement specified in 74 O.S. 150.8 [74-150.8], paragraph A is clearly an objective eligibility qualification for those applying for appointment as agent and subsequent applicants may not evade this educational requirement via certification through 74 O.S. 831 [74-831](F) (1977), since such certification refers to subjective qualifications. See 8 Okl. Op. A.G. 251 (Opinion No. 75-254), which states in pertinent part: "The 74 O.S. 831 [74-831](F) (1975) certification that an applicant meets either statutory or lawful Merit System job qualifications may apply only to subjective qualifications, such as experience, character, personality and ability, and not to objective qualifications, such as age, level of formal education and degrees received." Those agents employed prior to the statutory degree qualification were transferred to; the reorganized bureau notwithstanding the lack of a degree pursuant to the legislative mandate in 74 O.S. 150.14 [74-150.14]. From this provision, it is clear the Legislature intended that the newly organized Bureau consider agents already employed to be exempt from the degree requirement in order to continue employment. Although existing Merit System Rule 1250 provides procedure for reinstatement of incumbent permanent employees who were in the classified service, such rule cannot abrogate statutory qualifications. In 8 Okl. Op. A.G. 253 (Opinion No. 75-255), it was held: "Absent legislative preemption, the State Personnel Board, under 74 O.S. 805 [74-805] (1971), has legal authority to determine and establish qualifications for positions under the Merit System; however, the Board does not have the legal authority to determine and establish qualifications for positions under the Merit System where said qualifications change, alter or modify those qualifications specifically set by statute." Although a particular agency may be specifically authorized by statute to reinstate former employees meeting specified criteria, e.g., 47 O.S. 2-105 [47-2-105](g) (1977), no statutory provision for reinstatement or statutory exception for former agents exists. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The requirement of a college or university degree specified in paragraph A of 74 O.S. 150.8 [74-150.8] (1977) is an objective qualification for the position of agent with the Oklahoma State Bureau of Investigation. Although this requirement was not made applicable to those agents transferred pursuant to 74 O.S. 150.14 [74-150.14] (1977), such transferee status is effectively terminated by the agent's resignation. Therefore, in the absence of statutory exception or statutory provision for reinstatement, an agent transferred pursuant to 74 O.S. 150.14 [74-150.14] (1977) who voluntarily terminates employment must possess the statutorily required degree to qualify for reappointment as agent. (BILL J. BRUCE) (ksg)